(33 App. Div. 145.)

WHITE et al. v. WEIR.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

CONNECTING CARRIERS—EXEMPTIONS—DAMAGES.

 A bill of lading given by an express company to a consignor, upon receipt of goods addressed to a consignee in another city, and containing the company's agreement to forward them to its agency most convenient to the destination, and there deliver them to other parties to complete the transportation, payment for the entire transportation to be collected from the consignee upon final delivery, is a through contract, and the final carrier is therefore entitled to an exemption given by the bill of lading from liability for damages to the goods.

 53 N.Y.S.—30

Appeal from special term, New York county.

Action by William Bingham White and another against Levi C. Weir, as president of Adams Express Company. From a judgment for defendants, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Robert L. Redfield, for appellants.

Carl A. de Gersdorff, for respondent.

RUMSEY, J. On the 3d of July, 1894, the plaintiffs, at Newport, R. I., delivered to the New York & Boston Despatch Express Company two packages, marked, "White, Howard & Company, 19 East 34th Street, New York," and received from the despatch company a bill of lading. The despatch company delivered the goods at Newport to the Adams Express Company, by whom they were transported to the city of New York, and delivered to the plaintiffs at the place of destination marked upon the packages. While the packages were in the possession of the Adams Express Company they were damaged to the extent of $700, and for this injury to the packages the plaintiffs brought this action.

The defendants admit that the goods were damaged while in their possession, but they claim that they are not to be liable in a greater amount than $50, because, they say, they are protected from any larger liability by the terms of the bill of lading, which was delivered to the plaintiffs by the despatch company at the time of the receipt of the goods at Newport. Their claim was sustained by the court below, and the single question is whether that court was correct in holding that the defendants are entitled to the exemption from liability which was given by the bill of lading given to, and received by, the plaintiffs when the goods were delivered to the New York & Boston Despatch Express Company. That bill of lading provided that in no event should the holder of it demand beyond the sum of $50 for any injury to the goods, unless the value of the goods was otherwise therein expressed. No value was given. The bill of lading provided, further, that the stipulations and conditions contained in it should extend to, and inure to, the benefit of such company to whom the despatch company might intrust or deliver the packages for transportation, and should define and limit the liability therefor of such other company. It cannot be disputed that, if the bill of lading executed when the packages were delivered to the despatch company was a through contract, the defendants, having received the property to enable them to complete the transportation, are entitled to the benefits of all the exemptions contained in it. Woodruff v. Havemeyer, 106 N. Y. 129, 12 N. E. 628. The only question, therefore, is whether this contract can be construed as a through contract. The fact that the goods were addressed to "White, Howard & Company, 19 East 34th Street, New York," is not of itself sufficient to permit it to be thus construed (Babcock v. Railroad Co., 49 N. Y. 491), but all the provisions of the bill of lading must be taken together. It is to be noticed that the goods were addressed to New York; that the despatch company agreed to forward them to their agency most convenient to the destination, and

there deliver them to other parties to complete the transportation. It is to be clearly inferred from this that it was not within the contemplation of the parties that the contract was entirely performed by the delivery of the goods at the agency of the despatch company, but that there was some further transportation to be had before the whole contract was completed.   It is clear from the bill of lading, taken together, that the despatch company was not to perform all the contract, but that some other person, to be selected by the despatch company, was to complete that part of it which the despatch company was not in a situation to do, and it is expressly provided that the despatch company might intrust the package to any other express company.   Nothing was paid to the despatch company at the time of the receipt of the package, nor was anything to be paid to it when it was delivered to the next carrier, but the whole charge for transportation was to be collected from the consignee upon the delivery of the property.   It is claimed from all these provisions that the contract was not to be completed until the property was delivered at New York, and therefore it was a through contract, and, that being so, the case is clearly within the case of Whitworth y. Railway Co., 87 N. Y. 413, and, within the rule laid down in that case, the judgment must be affirmed, with costs.   All concur.