(50 App. Div. 441.)

## McIVER v. HALLEN.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

New Trial—Newly-Discovered Evidence—Diligence.

> Plaintiff claimed that the last payment on the debt in controversy was made so as to prevent the running of limitations. On his motion for a new trial because of newly-discovered evidence, he alleged that since the trial he had discovered that his sister, a frequent visitor at his house, would testify that the payment was made through her, while she acted as his agent. *Held*, that a new trial was properly refused, on the ground that her evidence could have been procured with reasonable diligence.

Appeal from trial term, Kings county.

Action by George McIver against Catherine E. Hallen. From an order denying plaintiff's motion for a new trial, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Andrew F. McNickle, for appellant.

Daniel F. Kiely (Joseph I. Green, on the brief), for respondent.

WILLARD BARTLETT, J. The rule formerly prevailed in the supreme court that a motion for a new trial, on the ground of newly-discovered evidence, could not be made except upon a case which presented the evidence given on the first trial, so that the court, both at special term and general term, could ascertain whether the evidence alleged to be newly discovered was cumulative or not, and whether it would be likely to change the result, if offered on a second trial. Russell v. Randall (Sup.) 9 N. Y. Supp. 327. The court of appeals, however, in reviewing the case cited, held that where the parties argued the motion at special term upon the pleadings and affidavits, without any objection to the effect that a case ought to have been made under section 997 of the Code, the special term had power and might properly proceed to entertain and decide the application. 123 N. Y. 436, 25 N. E. 931. This decision is authority for the course which was pursued in the present action. No suggestion appears to have been made at special term that it was necessary for the moving party to

have a case made and settled before presenting the motion. It is evident that both parties were willing that the application should be determined on the pleadings and affidavits alone, and by a judge other than the judge who presided at the trial. The suit was begun on March 8, 1899, to recover a balance alleged to be due upon a loan of $1,200, made in February, 1891. The complaint averred that the defendant paid $50 on account of the loan in June, 1891, and $25 on account thereof in April, 1894. The answer denied that the payment of $25 was made in April, 1894, but alleged that it was made in 1891 or 1892. The defendant also pleaded the statute of limitations, and set up a counterclaim for rent. It clearly appears from the affidavits on both sides that the principal question litigated upon the trial was whether the last payment made on account of the loan was in September, 1892, as the defendant testified, or in April, 1894, as the plaintiff testified, so as to take the case out of the statute of limitations. There was a verdict for the defendant. The evidence which is alleged to be newly discovered consists of a statement from the plaintiff's sister, Mary McIver, to the effect that in April, 1894, the defendant gave her $25 to give to the plaintiff, on account of the loan in controversy. Mary McIver swears that she paid this money to her brother, the plaintiff, and subsequently obtained from him a receipt therefor, which she handed to the defendant. She further states that she would have communicated with the plaintiff in reference to the evidence she could have given in the case, if she had known that the defendant was endeavoring to frustrate the payment of the sum due. There is an affidavit from the plaintiff himself to the effect that since the trial he has discovered for the first time that he could have proved by his sister Mary McIver the facts already stated in reference to the receipt of $25 by her to be paid to him on account of the loan in April, 1894. The defendant positively denies the allegations contained in the affidavit of Mary McIver as to the payment of $25 in April, 1894, and further avers that the said Mary McIver is a frequent visitor at the house of the plaintiff, and has admitted that she had often talked over the case with him. Under all the circumstances disclosed in the papers before him, we do not see how the learned judge at special term could have granted the application without ignoring the rule that a new trial will not be ordered on the ground of newly-discovered evidence, where the testimony relied upon could have been procured with ordinary diligence and reasonable care upon the trial already had. Smith v. Rentz, 73 Hun, 195, 25 N. Y. Supp. 914. The main issue litigated upon that trial related to the alleged payment in April, 1894, and the plaintiff must have been fully aware of the importance of presenting all available evidence in his own behalf bearing upon that issue. If his sister Mary McIver had paid him $25 as coming from the defendant on account of the loan in or about the month of April, 1894, he must have been as well aware of that fact at the time of the trial as he is now, and he could not have required any information or reminder from his sister to recall it. If the payment of $25 in April, 1894, to which the plaintiff testified on the trial, was really made through his sister, as is now contended, it is difficult to believe that he could have for-

gotten her agency in the matter while remembering the fact of the payment. The reasons assigned for not calling the sister as a witness, if she possessed the knowledge she now claims to have in respect to this alleged payment on account, were not sufficiently clear and satisfactory to justify the court below in granting a new trial. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.