(75 App. Div. 6.)

## BRIDENBECKER v. BRIDENBECKER.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

A beneficiary certificate payable to the wife of insured bore an indorsement directing the substitution of his mother as beneficiary. In an action between them after his death to determine which was entitled to the money, the only issue was as to whether the indorsement was signed by insured. This issue was decided in favor of the wife, and judgment was entered for her. On a motion for new trial a companion of insured made affidavit that insured stated that he was going to make the change of beneficiary, and subsequently stated that the transfer had been properly filled out and signed. The mother's attorney affirmed that such evidence was discovered by him and his client since the trial. She did not make affidavit. In opposition the wife submitted affidavits, which were undisputed, that such witness lived in the same house with the mother, had been her long-time friend, and went with her to the trial, and was present during the taking of all the evidence, and consulted with her and her attorney during the progress thereof. *Held*, that no diligence was shown in discovering such evidence, and a new trial should have been denied.

2. SAME—APPEAL FROM ORDER GRANTING NEW TRIAL—QUESTIONS REVIEWABLE.

On an appeal from an order granting a new trial on the ground of newly discovered evidence, the sufficiency of the evidence introduced at the trial to support the findings and judgment cannot be considered.

Appeal from special term, Oneida county

Action by Sarah J. Bridenbecker against Eliza Bridenbecker, substituted in place of Frank W. Arnold as grand secretary, etc., of the Brotherhood of Locomotive Firemen. From an order vacating a judgment in favor of defendant and granting a new trial on the ground of newly discovered evidence, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

David F. Costello, for appellant.
William Townsend, for respondent.

SPRING, J. In January, 1895, a benefit certificate was issued to Edward A. Bridenbecker by the Brotherhood of Locomotive Firemen, which is a co-operative assessment insurance organization. The certificate provided for the payment of $1,500 to the defendant, Eliza Bridenbecker, who was the wife of the insured, at his death. The certificate, in terms, made the constitution of the organization a part of the agreement; and, in order to transfer a certificate, it was necessary, by section 50 of the constitution of the order, to procure the consent of the local lodge of which the insured was a member. The section continues:

"He shall then authorize or make such change in writing on the back of the certificate in the form prescribed, attested by the secretary, with the seal of the lodge attached; but no change or transfer shall be valid, or having any binding effect until said certificate has been forwarded to the grand lodge, and said transfer duly recorded on the grand register, and marked 'Approved,' with the day and date of such approval stamped thereon, and signed by the grand secretary and treasurer."

Bridenbecker was a member of West Shore Lodge, No. 213, in the city of Syracuse; and at a meeting of the lodge February 5, 1901, upon his request, a resolution was passed consenting that the beneficiary be changed from his wife to his mother, the plaintiff in this action. The secretary of the lodge was not present at this meeting, but between that date and the 17th of the month he found at his home the certificate of Bridenbecker, with the blank transfer filled out to the plaintiff, which he forwarded to the grand lodge at Peoria, Ill., where it arrived February 19th; and Bridenbecker died the 18th. This action was commenced against the secretary and treasurer of the brotherhood to recover upon the certificate, but, as the mother and the widow each claimed the money, an order of interpleader was granted, by which the widow was substituted as defendant upon the original defendant paying into court the said sum of $1,500, and an answer was thereafter interposed on behalf of the widow.

The case was tried before a referee, and the certificate was produced, with the transfer, purporting to have been signed by the insured, indorsed thereon. The daughter of the plaintiff testified the signature was that of the insured. The secretary testified that when he first saw the transfer it was unsigned, and he signed the name of Edward Bridenbecker to it, and mailed it to the grand lodge. Both of these witnesses were sworn on behalf of the plaintiff, and the defendant offered no proof, and the sole issue of fact was over the genuineness of this signature, and was confined to these two witnesses. The referee delivered his report, finding as a fact that the signature of Bridenbecker was made by the secretary, "supposing that he had the right to do so," and that there was no valid transfer of the certificate, and dismissed the complaint. This motion was thereafter made, based, necessarily, upon a case (Code Civ. Proc. § 997; Davis v. Insurance Co., 5 App. Div. 36, 39 N. Y. Supp. 71), in order that the pertinency of the proposed new evidence may be seen, and also upon affidavits. The new evidence which it is claimed will change the result is that of John G. Cuming, whose affidavit accompanied the moving papers, in which he says that Bridenbecker told him, in Utica, on the 3d day of February, 1901, that he was going to Syracuse, to his local lodge, to have his benefit certificate transferred from his wife to his mother, and also that about the 10th of February the insured told the deponent that the local lodge "had authorized the transfer," and it "had been properly filled out and signed, and sent on to the grand lodge, after having obtained the consent of the local lodge."

Although motions of this kind are addressed largely to the discretion of the court at special term, the discretion is not an arbitrary one, for there are certain well-defined rules which govern to a large degree in their determination. Among these essentials, the moving papers must show that the evidence could not have been obtained upon the former trial by the exercise of due diligence, and that it has been discovered since the trial. The attorney for the plaintiff states in his affidavit that this new evidence was discovered by him and the plaintiff since the trial, but, as to her knowledge, he could

not know absolutely. The plaintiff resided in the same city with the attorney, but it is significant to note that her affidavit is not among the moving papers. The affidavits of the attorney for the defendant and of the defendant show that Cuming attended the trial during its two sessions; that the trial took place at Syracuse, and Cuming, the plaintiff, her daughter, and attorney went from Utica together to the place of trial; that when they arrived in the court room they went into the private office of the referee, taking with them the certificate, with the transfer indorsed thereon, and were in consultation for some time; that upon the termination of the hearing, November 26, 1901, there was an adjournment for several days, and Cuming went away with the plaintiff; that on the adjourned day no additional testimony was offered. Cuming was therefore present during the entire taking of the evidence, which was occupied, in the main, with disputed testimony over the genuineness of the signature of the said decedent in said transfer. It is quite apparent that the slightest diligence would have discovered whatever facts were within the knowledge of Cuming upon this subject. It further appeared that Cuming lived in the same house with the plaintiff, had been her long-time friend, and that he furnished the groceries used by her. There are no affidavits in the record contradicting any of these facts. The plaintiff does not claim that she was taken by surprise by the testimony offered, and in fact the answer denied that the transfer was signed by the decedent, or authorized by him. It is quite evident that the plaintiff elected to go on with her case without the testimony of Cuming, or without further investigation. The authorities are uniform in holding that a new trial will not be granted on the ground of newly discovered evidence if the testimony could have been obtained for the trial with reasonable diligence. Thompson v. Welde, 27 App. Div. 186, 50 N. Y. Supp. 618; Bastain v. Gas Co., 27 App. Div. 584, 50 N. Y. Supp. 537; Kring v. Railroad Co., 45 App. Div. 373–378, 60 N. Y. Supp. 1114; Haight v. City of Elmira, 42 App. Div. 391–396, 59 N. Y. Supp. 193; People v. Holmes, 32 App. Div. 148, 52 N. Y. Supp. 939; Smith v. Rentz, 73 Hun, 195, 25 N. Y. Supp. 914.

In Thompson v. Welde, 27 App. Div., the court say at page 188, and 50 N. Y. Supp., at page 620:

"Motions for a new trial on the ground of newly discovered evidence are granted only where the evidence could not have been discovered before the trial by the exercise of reasonable diligence, and that fact is made to appear by the moving papers. To permit any other rule would be manifestly unjust, because it would enable a litigant to experiment as to the amount of evidence necessary to win his case, in the hope that, if the evidence produced was not sufficient, he might be allowed another trial, in which he could introduce the evidence held back, and supply the gaps which he had permitted to exist. Because of this lack of diligence in preparation of trial, this motion should have been denied."

The moving papers woefully fail to comply with this requirement. The justice who granted this motion did not have the light which comes to one who has tried the case. His decision is based upon the record which is presented to this court.

The counsel for the respondent has discussed the case viewed

from the report of the referee, claiming that the legal conclusions arrived at are incorrect. The judgment on that record is not up for review. That can be considered only by appeal. The case presented upon this motion is not for the purpose of enabling the court to consider the correctness of that judgment, and we do not assume to do so. The order should be reversed, with costs and disbursements of this appeal, and the motion for a new trial denied, with $10 costs.

Order reversed, with costs and disbursements of this appeal, and motion for new trial denied, with $10 costs. All concur.