(38 Misc. Rep. 498.)

## BORGFELDT et al. v. O'NEILL et al.

(Supreme Court, Trial Term, New York County. July, 1902.)

1. INDEMNITY—RIGHT TO ENFORCE.

Persons who were indemnified against certain auctioneers' charges agreed with their indemnitors that they should have full liberty to object to all of the charges which were illegal, and defend any action brought upon the charges. Thereafter they settled them, so that the third party subsequently recovered on them as upon an account stated against the indemnitees. *Held*, that the latter could not recover over of their indemnitors, as they had not been given opportunity to object and contest the charges, as provided for in their agreement.

Action by George Borgfeldt & Co. against Caroline O'Neill and others on a contract of indemnity. Complaint dismissed.

James Dunne, for plaintiff.
Isaac Fromme and Edward W. S. Johnston, for defendants.

BISCHOFF, J. Certain disputes between the parties resulted in the plaintiff's employment of a firm of auctioneers to sell goods at auction for the defendants' account, but, the disputes being settled, the sale was withdrawn, and the matter of auctioneers' charges was provided for by agreement in the following words:

"With respect to the auctioneers' charges, H. O'Neill & Co. guaranty that George Borgfeldt & Co. shall be saved harmless therefrom, the intention being to shift the liability for such charges from George Borgfeldt & Co. to H. O'Neill & Co., and allowing the latter full liberty of action to object to all illegal charges made by the auctioneers; H. O'Neill & Co. to be permitted to defend any action brought by the auctioneers against George Borgfeldt & Co. on account of such charges."

The auctioneers' bill was rendered to the plaintiff, containing items of disbursements in a substantial sum, together with a charge for commissions upon the invoice value of the goods, and this bill having been forwarded to the defendants, the latter disputed it. Payment being withheld, the auctioneers sued the plaintiff as upon a stated account, and, upon the trial of the action thus brought, it developed that this plaintiff (the then defendant) had admitted the correctness of the bill, with the result that the auctioneers recovered judgment for the full amount, and in the present action the defendants are sought to be held liable upon the guaranty for the amount which the plaintiff was thus called upon to pay, and did pay.

There can be no doubt that the contract of indemnity was affected by the plaintiff's act in permitting the original liability to become fixed as upon an account stated, with the consequent eliminating of all inquiry into the items of the bill, when the auctioneers' suit was brought. True, O'Neill & Co. were allowed to defend the suit, and might have interposed the defense of fraud or mistake as against the stated account, but this was by no means the "full liberty of action to object to all illegal charges," such as the contract contemplated. Whether there existed any support for an attack upon the settlement of the account on equitable grounds is not made to appear, but the contract did not intend that O'Neill & Co. should assume the burden

of any such attack. Normally, the burden of proof as to each item
of the bill was upon the auctioneers, and the agreement between the
parties to this action looked to the defendants' right to dispute the
items upon the original proof, in the ordinary course of litigation.
The plaintiff, by its act in settling the account, created a condition
which restricted the defendants' opportunities to present the dispute
for determination, and thus violated the agreement upon its part,
in the letter and in the spirit.

Whether or not the plaintiff might recover if it now undertook
to prove the correctness of each item of the account need not be
determined, for no proof to support the account, as upon an orig-
inal issue, has been given. The defendants are sought to be made
liable upon the ground that the plaintiff has paid the amount found
due the auctioneers in the action brought upon the stated account,
and it is apparent that this affords no basis for a recovery upon the
contract of indemnity as framed. Wheeler v. Sweet, 137 N. Y. 435,
33 N. E. 483; Foo Long v. Surety Co., 146 N. Y. 251, 40 N. E. 730.

There should be judgment for the dismissal of the complaint, with
costs.

Complaint dismissed, with costs.