BONDY, Respondent, v. PLATT, Appellant. (City Court of New York, General Term. November, 1902.) Action by Agnes Bondy against Thomas C. Platt, as president of the United States Express Company. Boardman, Platt & Soley, for appellant. William Bondy, for respondent.

DELEHANTY, J. I am of the opinion that this judgment is right, and should be affirmed. The defendant herein, notwithstanding its contention to the contrary, is not protected, nor can it legally claim that the terms of the receipt delivered plaintiff for the trunk in question inured to its benefit as a connecting carrier. The case of White v. Weir, 33 App. Div. 145, 53 N. Y. Supp. 465, relied upon by it as an authority for this pretension, was decided upon an entirely different state of facts from the case at bar, and does not conflict in any manner with the long line of decisions, ending with the comparatively recent and well-considered one of Robinson v. New York & T. S. S. Co., 63 App. Div. 211, 71 N. Y. Supp. 424, which held, in effect, that where, as here, the first carrier only contracts for itself, namely, to carry to and deliver to a connecting carrier, the latter is not entitled to any exemptions by virtue of that contract; and that is so, even though the shipper knew that the matter expressed, in order to reach its destination, would have to go over other lines. In the case at bar the shipment was with the Century Express, and the receipt given therefor, while containing a number of exemptions, fails to reserve any but to itself. It is conceded that the Century Express delivered the trunk in question to the defendant, and the uncontradicted proof is that such delivery was in the same condition as the Century Company received it. Thus, under the terms of the receipt in question, the Century Company fully discharged its obligation to plaintiff. As no provisions are found therein which in any way inure to the benefit of defendant company, it is difficult to understand how it can claim exemption from liability. It saw fit to receive plaintiff's trunk without a contract, and it was in duty bound to deliver to her the same in the condition received. It did not do so, and therefore liability attaches. The measure of damages, in my opinion, was properly applied by the jury, and the verdict rendered conservative under the proof. Failing to find reversible error in any of the exceptions taken, I am of the opinion that the judgment and order appealed from should be affirmed, with costs.

SEABURY, J., concurs.

BORGFELT, Appellant, v. O'NEIL et al., Respondents. (Supreme Court, Appellate Division, First Department. March 20, 1903.) Action by George Borgfelt against Caroline O'Neil and others. J. Dunn, for appellant. E. W. S. Johnston, for respondents. No opinion. Judgment affirmed, with costs, on the opinion of the court below. 77 N. Y. Supp. 1097.

BOSS, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1903.) Action by Ida Boss, as administratrix, etc., of Joseph Boss, deceased, against the Brooklyn Heights Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

BOSSERT et al., Respondents, v. POERSCHKE, Appellant. (Supreme Court, Appellate Division, Second Department. March 13, 1903.) Action by Louis and John Bossert against Edward R. Poerschke. No opinion. Judgment affirmed, with costs.

BRANDT v. MORNING JOURNAL ASS'N. (Supreme Court, Appellate Division, First Department. April 9, 1903.) Action by Frederick M. Brandt against the Morning Journal Association. No opinion. Motion granted.

BRENNAN v. CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. March 20, 1903.) Action by Michael Brennan against the city of New York. No opinion. Motion denied.

BRESSMAN et al., Respondents, v. COHEN, Appellant. (Supreme Court, Appellate Division, Second Department. March 6, 1903.) Action by Isaac Bressman and others against Herman Cohen. No opinion. Judgment of the Municipal Court affirmed with costs.

BRIDENBECKER, Respondent, v. BRIDENBECKER, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 10, 1903.) Action by Sarah J. Bridenbecker against Eliza Bridenbecker, substituted, etc.

PER CURIAM. Order reversed, with costs, and motion denied, with costs. Held, that the affidavits presented upon the motion for new trial do not sufficiently establish that the plaintiff's failure to learn of the proposed new evidence was not due to lack of reasonable care and diligence upon her part; also held, that said evidence is incompetent, but, even if competent, would not, in our opinion, be sufficient to produce a result different from that which prevailed upon the trial already held. See 77 N. Y. Supp. 802.

BRIDGMAN, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1903.) Action by Maggie Bridgman against the Brooklyn Heights Railroad Company. No opinion. Judgment of the Municipal Court affirmed on consent, with costs.

In re BROOKLYN BAR ASS'N. (Supreme Court, Appellate Division, Second Department. March 20, 1903.) In the matter of the petition of the Brooklyn Bar Association to punish Louis R. Phelan, an attorney.

PER CURIAM. We think the papers in this matter present a case of ignorance, rather than of willful misconduct, on the part of the attorney, and that the facts do not warrant any further punishment than he has already received by reason of the publicity which has been given to his conduct. Application denied.