Dec. 766; Duffy v. Lytle, 5 Watts (Pa.) 120; Black on Judgments, vol. 2, § 791. A bona fide purchaser at the sale would be protected. Section 1323, Code Civ. Proc. See, too, Murray v. Berdell, 98 N. Y. 480, 485.

The order should be affirmed, with costs. All concur, except HOOKER, J., who dissents.

(100 App. Div. 218)

HAGEN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. January 25, 1905.)

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Where, on an application for a new trial on the ground of newly discovered evidence after the case, which had acquired considerable notoriety, had been five times tried, it appeared that the newly discovered witnesses resided in a small village, where plaintiff also resided; that plaintiff had talked with one of the witnesses before the trial; that there had been three disagreements; and that all evidence favorable to plaintiff had been thoroughly sifted before the last trial—plaintiff's allegation that he had no knowledge that such witnesses knew anything to his advantage until after such trial did not show sufficient diligence to justify the allowance of the motion.

2. SAME—EFFECT OF NEWLY DISCOVERED EVIDENCE.

Where, on an application for a new trial for newly discovered evidence, it appeared that plaintiff, prior to the last trial, had talked over the subject of the action with one of the alleged newly discovered witnesses, and that the character of the other two was such that their evidence would probably not be believed, the motion was properly denied on the ground that the evidence would probably not change the result.

Appeal from Special Term, Oneida County.

Action by John Joseph Hagen, an infant, by Michael E. Hagen, his guardian ad litem, against the New York Central & Hudson River Railroad Company. From an order (90 N. Y. Supp. 125) granting plaintiff a new trial on the ground of newly discovered evidence, defendant appeals. Reversed.

See 80 N. Y. Supp. 580.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Thomas D. Watkins, for appellant.
William Kennedy, for respondent.

SPRING, J. On July 20, 1895, the members of an association of railroad men in Frankfort and vicinity, in the county of Oneida, had an excursion to Sylvan Beach. The plaintiff, then a lad of 11 years, accompanied the excursion party, and peddled refreshments for a firm of bakers. On the return trip the plaintiff fell or was thrown from the train while it was at Frankfort, and was caught under the wheels of the car and was severely injured; and one foot was amputated three or four inches above the ankle, and the other was badly crushed as a result of the accident. The contention of the plaintiff is that he was

¶ 2. See New Trial, vol. 37, Cent. Dig. §§ 225, 226.

standing on the platform of one of the cars as the train was about to leave for Mohawk, when Garvey, the conductor, ordered him to get off the car. In attempting to obey the direction, he started down the steps, and stopped for an instant on the lower step, with his hand on the rail, when he was thrown off and injured. The claim is that the conduct of the conductor in ordering him off the car was negligent, and was the proximate inciting cause of the catastrophe. The conductor denied the story of the plaintiff, and the question of fact was sharply drawn and litigated.

There have been five trials. The first, second, and third each resulted in a disagreement of the jury, and the fourth in a verdict for the plaintiff, which was set aside by this court because of coercion exercised to secure a verdict. 79 App. Div. 519, 80 N. Y. Supp. 580. The fifth trial terminated in a verdict of no cause of action. A motion was made for a new trial on all the grounds specified in section 999 of the Code of Civil Procedure, which was denied. Thereupon a motion for a new trial was made on the ground of newly discovered evidence and granted, and the appeal is from that order.

It is clear that, in view of the number of trials had, and the fact that the plaintiff, seriously disabled as he is, has recovered only one verdict in this long litigation, and that evidently not the unanimous expression of the jurors sitting on that trial, an application for new trial on the ground of newly discovered evidence should be carefully considered, and the affidavits subjected to circumspect inspection, before upsetting the verdict on the last trial.

The affidavits of three persons, Keller, Heath, and Finnerty, were read on the motion for new trial on behalf of the plaintiff. Each of these affiants says that he accompanied this excursion party, that the infant plaintiff returned to Frankfort on the section of which Garvey was the conductor, and that George Slocum was at the railroad station at Frankfort upon the return of the excursion train. The significance of this latter statement, which is the pith of the affidavits, is obvious, in view of the fact that Slocum was a witness in favor of the plaintiff; testifying that he heard Garvey, the conductor, tell Hagen to get off the platform of the car, or he would kick him off. The defendant adduced proof tending to show that Slocum was not at the station when the excursion train on which the plaintiff claims to have been riding arrived there. Keller stated in his affidavit that the infant plaintiff told him shortly after the accident that Garvey, the conductor, ordered him off the train. Heath said that he saw the conductor approach Hagen, and heard his voice, but did not distinguish what he said. The plaintiff presented his affidavit explaining his failure to have these witnesses on some of the trials, claiming that he had no knowledge that they knew anything to his advantage. These witnesses reside in Frankfort, which is a small village. It is hardly conceivable, in view of the three disagreements, and the uncertainty of the plaintiff succeeding before the jury, that these three men would have been overlooked by the plaintiff or his diligent counsel in the preparation of the case for trial if their testimony was deemed important. They were in the excursion party. The plaintiff does not disclaim the knowledge of this fact, and Keller said that he learned from the plaintiff that

Garvey ordered him off the train. In a small village, a case of the importance and of the notoriety of the present one would be thoroughly canvassed and sifted in all its bearings. The plaintiff was a resident of that village, was known by these men, and evidently by the people generally, and it is not probable that any item of evidence in that village favorable to his cause of action would pass unnoticed in the searchlight process directed to the acquisition of evidence on his behalf. While motions of this character are generally in the discretion of the trial judge, yet there are two or three cardinal principles controlling to a large degree. Chief among these is the necessity of showing that it was through no lack of diligence on the part of the moving party that the proposed evidence was not adduced upon the trial. Kring v. N. Y. C. & H. R. R. Co., 45 App. Div. 373, 60 N. Y. Supp. 1114; Bridenbecker v. Bridenbecker, 75 App. Div. 6, 77 N. Y. Supp. 802. This rule of practice should be adhered to stringently where, as in this action, five trials have been had, and it is apparent that the questions involved are for the jury to pass upon. These three men were readily accessible. The plaintiff does not claim that he did not know they were with the excursion party, and the subject of the vital fact in his litigation had been talked over with Keller, one of the proposed new witnesses. It also appears that one Van Epps Perrigo was sworn as a witness for the plaintiff on the last trial. Keller lived in the house adjacent to the one occupied by Perrigo in Frankfort, and his mother was reared in the family of Perrigo. With this family affiliation, and the acquaintanceship formed by two near neighbors in a county village, it is reasonable to believe that whatever Keller knew was easily ascertainable at least before the last trial. After a case has been submitted to a jury four times, each a protracted, spirited trial, and without satisfactory result, and after a verdict on the fifth trial, the defeated party must present an exceptionally strong and clear record to justify ordering another trial on the ground of newly discovered evidence. If this evidence had been important or deemed to be trustworthy, the most ordinary vigilance would have obtained it years ago. It might even be argued that this alleged proof was held in abeyance to be used in the event of an adverse verdict, and this suggestion might find some support in the character of the proposed new witnesses. The plaintiff cannot be permitted to experiment in this fashion. Thompson v. Welde, 27 App. Div. 186, 50 N. Y. Supp. 618. Another principle fundamental on these applications is that a different result may well be expected with the proposed evidence before the jury. Kring v. N. Y. C. & H. R. R. Co., supra. While the credibility of witnesses is for that body, yet, on a long-delayed motion of this kind, we cannot disregard the reputation and character of the witnesses who are desired to be brought to the rescue on another trial. Henry Heath, one of these proposed witnesses, has been twice convicted of assault, and twice sentenced to the penitentiary—once for six months—and each time served out his term; he has been convicted of disorderly conduct; and on the argument of this motion it was stated, without challenge, that, since the granting of the order appealed from, he has been charged with a very grave crime, and is now a fugitive from justice. It further appears that Thomas P. Finnerty, another of the

witnesses who is expected to strengthen the plaintiff's case on the new trial, also possessed a vulnerable character, and was convicted of public intoxication in the village of Frankfort. The suggestion is a cogent one that witnesses of this kind would not aid the plaintiff in securing a different verdict from the one last rendered. The fact that the application is founded upon the affidavits of men of unsavory reputation casts suspicion upon it, and induces the belief that it is without real merit.

It seems clear, therefore, that the plaintiff on this motion has failed in two signal essentials: First, he does not satisfactorily establish that any vigilance has been exercised to ascertain the proof now claimed to be available to him for the first time. On the contrary, the surrounding circumstances quite sharply sustained the contention of the defendant that any reasonable effort would have obtained this proof if the plaintiff had regarded it at all helpful to him, which we very much question. In the second place, the conclusion is irresistible that witnesses of the smirched and spotted character possessed by Heath and Finnerty would not secure any different result, but, rather, would be damaging to the plaintiff's case.

To be sure, substantial justice is, after all, the criterion in motions of this kind. With that, however, as the keynote of our decision, the plaintiff fares no better. His application is honeycombed with unsavory features or suspicious circumstances, and the ends of justice will not be promoted, after these many trials, by a new trial allowed upon such affidavits as make up the record before us.

The order should be reversed, with costs and disbursements, and the motion for a new trial denied, with $10 costs.

Order reversed, with costs and disbursements, and motion for new trial denied, with $10 costs. All concur.