(53 Misc. Rep. 265)

ROSENTHAL v. BELL REALTY CO.

(Supreme Court, Appellate Term. March 14, 1907.)

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY OF SHOWING.

On a motion for a new trial for newly discovered evidence in an action for service, defended on the ground that the work was ordered through a third person, who was paid, defendant excused the absence of the third person as a witness on the trial, and presented his affidavit averring that he did the work in connection with plaintiff, who was to receive only a commission, that he received payment and that the plaintiff was paid. *Held*, that the court properly granted a new trial.

2. APPEAL—OBJECTIONS—TIME TO RAISE.

The objection that a motion for a new trial on the ground of newly discovered evidence cannot be considered in the absence of a settled case, as required by Code Civ. Proc. § 997, if valid in the trial court, cannot for the first time be raised on appeal from an order granting the motion.

3. SAME—DISCRETION OF TRIAL COURT—GRANTING MOTION OF NEW TRIAL.

The granting of a motion for a new trial on the ground of newly discovered evidence rests in the discretion of the trial court, and its ruling will not be disturbed, in the absence of an abuse thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3876; vol. 37, New Trial, §§ 9, 10.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William M. Rosenthal against the Bell Realty Company. From an order of the Municipal Court of the City of New York, granting defendant a new trial on ground of newly discovered evidence, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Marks & Marks, for appellant.
Bennett E. Siegelstein, for respondent.

HENDRICK, J. The action was for work, labor, and services and material furnished. It was claimed by the defendant on the trial that the work was ordered through one Max Cohen, and that the defendant had paid said Max Cohen in full therefor, and in substance that there were no contractual relations known to defendant between the plaintiff and defendant. The plaintiff, on the other hand, claimed that Max Cohen was the plaintiff's agent simply, and that he had no authority to receive payment for the work, labor, and services and materials rendered. Max Cohen was not a witness on the trial, and the affidavits upon which the motion for a new trial was based excuse his absence. Cohen's own affidavit used on the motion for a new trial shows that he was an important and material witness for the defendant. He states that he secured the order from the defendant; that he bought the material and did the work in connection with the plaintiff, and was financially interested in the transaction, and that the plaintiff was to receive only a commission; that he received payment for the goods and paid the plaintiff for the material furnished, whereupon he received a receipted bill, which was turned over to the defendant. He also stated that the plaintiff was paid for the material and work. The ma-

teriality of this testimony is apparent.   Its probative force can be much better determined by a trial court than by the reading of affidavits.

The appellant objects that the motion should have been denied in the absence of a settled case.   This undoubtedly is the practice in the Supreme Court; but the proper place to make that objection (if it be a valid objection in the Municipal Court) was upon the argument of the motion.   The objection is taken too late on appeal.   The court has power to entertain and decide a motion for a new trial on the ground of newly discovered evidence upon the pleadings and affidavits, in the absence of a settled case, where no objection is made on the argument of the motion that a settled case is necessary, under section .997 of the Code of Civil Procedure.   Failing to object at that time, appellant waived the objection, and it cannot be raised for the first time upon the appeal.   Russell v. Randall, 123 N. Y. 436, 25 N. E. 931; McIver v. Hallen, 50 App. Div. 441, 64 N. Y. Supp. 26; Bantleon v. Meier, 81 Hun, 162, 30 N. Y. Supp. 706.

It is also contended by the appellant that the defendant knew of the existence of the witness and of the relevancy of the alleged newly discovered evidence before the trial, and that, therefore, the motion should have been denied.   The facts in relation thereto are in dispute, and, as these motions are largely addressed to the discretion of the justice hearing the motion, the exercise of that discretion will not be disturbed by an appellate tribunal, unless there has been an apparent abuse of it, which does not appear in this case.

We do not decide on this appeal whether or not a printed case is necessary in the Municipal Court upon which to base a motion for a new trial on the ground of newly discovered evidence, preferring to base our decision on the absence of a timely objection to the hearing of the motion on affidavits.

The order appealed from should be affirmed, with costs.   All concur.