came into collision with the car near the seventh, eighth, and ninth windows, breaking the glass in these, and the car was stopped in time to save the tenth window. The plaintiff sustained her injuries through the falling of the glass.

There is some evidence that there was a slope from the curb toward the trolley car tracks; but this does not appear to have been such as to attract any attention, though it is assumed that the rear wheels of the truck slipped, and thus came into collision with the car as above described. But where is the evidence of negligence on the part of the defendant the Brooklyn Heights Railroad Company?

[1, 2] The rule of "res ipsa loquitur" applies only where the facts and circumstances speak for themselves, and, unexplained, point to negligence. Here the plaintiff's own evidence shows the facts—makes the explanation—and the explanation does not establish negligence on the part of the defendant. To hold that a clearance of not less than 18 inches was not sufficient for the passage of a trolley car in the streets of the great city of New York and its principal boroughs would be to practically stop all traffic, and the law is not thus impracticable. This case is well within the rule of Freeland v. Brooklyn Heights Railroad Co., 109 App. Div. 651, 96 N. Y. Supp. 251, and the judgment ought not to be disturbed.

The judgment appealed from should be affirmed, with costs. All concur.

---

## In re ROSE et al.

(Supreme Court, Appellate Division, Second Department. November 1, 1912.)

1. COURTS (§ 202*)—SURROGATE'S COURT—NEW TRIAL.

> Under Code Civ. Proc. § 2481, subd. 6, giving the Surrogate's Court power to grant a new hearing for newly discovered evidence, to be exercised only in the same manner as in a court of record of general jurisdiction, an order granting a new hearing for newly discovered evidence is improper, where no case containing the newly discovered evidence has been made and settled as required by the rules of practice, and it does not appear that the parties have consented that the motion may be heard upon the pleadings and affidavits without a case; such being the general rule in courts of record.

> [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 480–486; Dec. Dig. § 202.*]

2. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

> In a proceeding to prove a claim on notes against the estate of the decedent, a new trial, sought on the ground of newly discovered evidence by the claimant's son that he saw the decedent pay interest on the notes within the period of limitation, thus tolling the statute, cannot be granted, in the absence of an explanation why the testimony was not given at trial; it appearing that the claimant's son was present.

> [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. § 102.*]

Appeal from Order of Surrogate, Suffolk County.

Judicial settlement of the accounts of Annie E. Rose and Henry A. Smith, as administrators of D. Harold Rose. From an order grant-

---

ing Annie E. Rose a new trial in a proceeding to prove a claim against the estate of decedent, the appeal is taken. Reversed and remanded.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Harri M. Howell, of Southampton, for appellants.

Le Roy E. Raynor, of Greenport, for respondent.

BURR, J. The incomplete character of the record in this case makes the determination of the facts difficult. It would seem that in this proceeding, which was instituted before the Surrogate's Court of Suffolk County for the judicial settlement of the accounts of the administrators of the estate of D. Harold Rose, Annie E. Rose, one of such administrators, sought to prove a claim in her behalf arising out of certain notes held by her, and was unsuccessful. Whether a decree has been entered, rejecting said claim and judicially settling said accounts, does not appear. It is not entirely clear whether the order appealed from is an order granting a new trial on the ground of newly discovered evidence, or only an order permitting the giving of further testimony in a proceeding still pending before the surrogate and undetermined. If it were the latter, we might hesitate to interfere with his order, resting so largely in his discretion. But the notice of motion is for a rehearing "on the ground of newly discovered evidence."

[1] The order which is appealed from directs that a new hearing may be had before the surrogate "on the question of interest payments and indorsements on certain promissory notes held by said Annie E. Rose against decedent, on the ground of newly discovered evidence on behalf of said Annie E. Rose." The notice of appeal refers to the order as one "granting to Annie E. Rose a new hearing on the question of interest payments and indorsements on certain promissory notes, held by the said Annie E. Rose, against decedent on the ground of newly discovered evidence," and the briefs of both appellants and respondent refer to the order as "an order granting a new trial on the ground of newly discovered evidence." If we treat it as such an order, it cannot be sustained, for various reasons. The Surrogate's Court has power to "grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause." Code Civ. Proc. § 2481, subd. 6. "The powers, conferred by this subdivision, must be exercised only in a like case and in the same manner, as a court of record and of general jurisdiction exercises the same powers." Id.

It is the general rule that a motion for a new trial upon the ground of newly discovered evidence should be made upon a case containing the evidence, as well as upon affidavits. Code Civ. Proc. § 997; Bridenbecker v. Bridenbecker, 75 App. Div. 6, 77 N. Y. Supp. 802; Hanor v. Housel, 128 App. Div. 801, 113 N. Y. Supp. 163; Pease v. Pennsylvania R. R. Co., 137 App. Div. 458, 122 N. Y. Supp. 784. No case has been made and settled as required by the rules. General Rules of Practice, 32–34. Notwithstanding this, if the parties consent that the motion may be heard upon the pleadings and affidavits without a

case, the court has power to entertain it.  Russell v. Randall, 123 N. Y. 436, 25 N. E. 931; McIver v. Hallen, 50 App. Div. 441, 64 N. Y. Supp. 26; Rosenthal v. Bell Realty Co., 53 Misc. Rep. 265, 103 N. Y. Supp. 194.

In this case the notice of claim is not made a part of the record, and, referring to the motion papers recited in the order appealed from, we are left in doubt as to the nature of the administrators' claim.  It is suggested in one of the moving affidavits that the claim is "for the recovery or allowance of three notes, with interest thereon, against the estate of said decedent."  We are left in ignorance as to the date of the notes, the amount thereof, the periods within which they mature, whether the notes are those of decedent, or whether it is claimed that he became liable thereon as indorser or guarantor.

[2] Apparently the decision of the surrogate rejecting the claim was based upon the ground that the notes were barred by the statute of limitations.  It is essential to the granting of a new trial on the ground of newly discovered evidence that it shall appear that the additional evidence was not known to the party at the time of the previous trial, and could not with due diligence have been ascertained (Matter of McManus, 66 App. Div. 53, 73 N. Y. Supp. 88; Bridenbecker v. Bridenbecker, supra; McIver v. Hallen, supra), and that its character is such that, if received, it would probably have changed the result (Glassford v. Lewis, 82 Hun, 46, 31 N. Y. Supp. 162).  In each respect the affidavits are insufficient.

The evidence alleged to have been newly discovered is that of claimant's son, Clarence J. Squires, and consists of alleged admissions of decedent.  Such evidence, given under the circumstances here disclosed, may well be viewed with suspicion.  But, although the said Squires states in his affidavit that he saw decedent, his stepfather, pay money to his mother, the claimant, and heard him say that it was for interest due on his notes, which she had against him, there is nothing to connect this transaction, or these statements, with the notes here in controversy.  It may have referred to other notes which she held, and which have since been paid.  It also appears that said Squires was present in court in company with his mother on the previous hearing, and, for aught that appears, could then have been called as a witness and testified.  It would seem from the moving papers that claimant failed to realize the importance of his testimony on that occasion, rather than that she was ignorant of it.  McIver v. Hallen, supra; Bridenbecker v. Bridenbecker, supra; Matter of Mc-Manus, supra.

It follows that the order appealed from must be reversed, with costs to the appellants, and the motion denied, with costs.  We are reluctant to foreclose the claimant of her rights, if she can establish them, and the decision herein will be without prejudice to a new application in her behalf upon proper papers.  All concur.