## PHELPS v. DELMORE.

(Supreme Court, Special Term, Oneida County. July, 1893.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
    On a motion for a new trial on the ground of newly-discovered evidence, affidavits intended to impair the strength and standing of the proposed witnesses of the moving party will not be considered.

Action by James H. Phelps against William H. Delmore for conversion. A judgment in favor of plaintiff was affirmed by the general term, (23 N. Y. Supp. 229,) and defendant moves for a new trial on the ground of newly-discovered evidence. Denied.

A. E. Kilby, for the motion.
H. C. Cook and Thomas S. Jones, opposed.

HARDIN, J. It was settled by the decision made in Tracey v. Altmyer, 46 N. Y. 598, that a motion may be made at special term for a new trial on newly-discovered evidence after the entry of judgment. In Fisher v. Corwin, 35 Hun, 253, it was held that laches would defeat such a motion. In that case the delay was four years, and it appeared that the party seeking relief had appealed to the general term, where a new trial was ordered, unless the plaintiff stipulate to reduce the damages. The stipulation was given, and the judgment, as modified, was thereupon affirmed. Under the circumstances of that case it was held the motion was too late, inasmuch as "four years elapsed from the time of the entry of judgment to the making of the motion." In Carpenter

v. Coe, 67 Barb. 411, it was held that such motion is addressed to the discretion of the court, and that the discretion to be exercised must be guided and governed by legal principles, and controlled by established authorities.     See opinion and cases therein referred to.     It appears the referee determined the issues of fact, upon conflicting evidence, against the defendant, and in reviewing the decision made by the referee in the general term it was said in the opinion of MERWIN, J., viz.:

> "It is, however, claimed by the defendant that the finding of the referee is not sustained by the evidence; that the agreement was simply that Owens should pay $700 for the rent of the farm for the year, and that under this Owens became the entire owner of the crops. There was, however, direct evidence, in substance, that the agreement was as found by the referee. There was other evidence from which a different conclusion might have been reached."

According to the rules applicable to a motion of this character, the case and exceptions must be considered in connection with the proposed new evidence, and inquiry must be made as to the probability whether a different result would be produced upon the second trial after the newly-discovered evidence was received by the tribunal called upon to examine the issues a second time.     According to the affidavits submitted on this motion, the wife of Owens and several other witnesses mentioned in the affidavits can give important testimony upon the vital question involved in the issue. Without determining absolutely that such newly-discovered evidence, read in connection with the evidence used on the former trial, would necessarily lead to a contrary result from that reached by the referee, it seems reasonable that the issue should again be examined, in the light of all the evidence available to the defendant. In opposition to the affidavits produced of witnesses who can give such important testimony, the plaintiff has produced affidavits upon this motion with a view of impairing the strength and standing of the proposed witnesses to give the newly-discovered evidence. Whether such new witnesses are entitled to credit, or not, ought not to be determined upon this motion.     That question belongs to the trial court, as was very properly said in Upington v. Keenan, (Sup.) 21 N. Y. Supp. 699.     It appears that Owens went into possession of the farm of the plaintiff, and that he held such possession under a written lease during the year 1885, and in the early part of 1886 an oral arrangement was made for the occupation of the plaintiff's farm for that year, which was the subject of dispute on the trial before the referee, and as to which there was conflicting evidence, and the newly-discovered evidence relates to the terms of that new arrangement.     On the 17th of August, 1886, Owens absconded, and on the 26th of August the plaintiff served a notice addressed to Owens, by "delivering the same personally to Mrs. Richard L. Owens, the wife of Richard L. Owens, on the said farm."     In that notice the plaintiff required the payment of the sum of $116.60 "for the rent of the farm and premises," and on the 30th of August the plaintiff appeared before Barr, a justice of the peace of the town of Champion, and presented

a petition stating that he was the lessor of the farm, and that he had leased the farm for one year from the 1st of March, 1886, "at seven hundred dollars, payable monthly, and that the sum of one hundred and sixteen 60-100 dollars, rent due on the 1st day of August, 1886, remains unpaid;" also stating that a demand for such rent or possession of the premises was made three days previous in writing, and that the tenant held over without permission; and the petition contained a prayer for a final order to remove Owens from the premises, and it was verified by the plaintiff on the 30th of August. The newly-discovered evidence referred to in the affidavits, when read in connection with the evidence given on the trial, seems sufficient to bring the case within the rule stated in Upington v. Keenan, (Sup.) 21 N. Y. Supp. 699, where the court said that it is a "sufficient ground for a new trial that the newly-discovered evidence would probably, upon a new trial, bring about a result favorable to the party making the application." Clegg v. Newspaper Union, 51 Hun, 237, 4 N. Y. Supp. 280. The circumstances disclosed in the affidavits seem to indicate that the defendant was not aware of, and by such diligence as is reasonably required of him was not able to furnish, the evidence on the trial before the referee, which has since been discovered. The affidavits seem to contain evidence sufficient to indicate that, as soon as the discovery of the new evidence was made, steps were taken to avail thereof by making the motion now before the court. It seems reasonable, under all the circumstances disclosed by the case, and by the affidavits on either side, that if the defendant shall comply with the rule as to costs a new trial should be allowed, where a complete investigation may be had of the matters involved in the issue presented by the pleadings. The motion is granted "upon payment of the costs and disbursements of the trial, and the costs of appeal from the judgment," (Upington v. Keenan, [Sup.] 21 N. Y. Supp. 699,) within 20 days from the service of a copy of the order. If such costs shall not be paid within 20 days, this motion will be denied, with $10 costs. Either party, upon serving upon the other a copy of this opinion, may prepare an order, and, if it shall be assented to by his adversary, it may be entered in accordance with the intimations in this opinion; if not assented to, the order may be settled upon five days' notice before me.