## REYNOLDS v. REYNOLDS.

(Supreme Court, Appellate Division, Fourth Department. July 26, 1898.)

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

Newly-discovered evidence will not warrant the granting of a new trial before a referee unless the court can say that it will probably change the result.

2. REFERENCE—SUFFICIENCY OF EVIDENCE.

Objections to the sufficiency and weight of evidence to warrant the findings of a referee should be made on hearing of the motion to confirm his report.

Appeal from special term, Monroe county.

Action by Charles H. Reynolds against Katherine E. Reynolds. Defendant appealed from an order denying a new trial on the incoming of a referee's report. Affirmed.

The following is the opinion of the court below (WERNER, J.):

"We are somewhat embarrassed in the consideration of this motion, by the fact that another motion, made upon the same grounds, was granted by this court. The order granting said motion was reversed by the appellate division of this department upon the sole ground that the same was not made upon a case and exceptions, as required by the rules of practice. Upon a careful examination of the record, we find ourselves unable to agree in our conclusions with the learned justice who decided the former motion.

"Referring to the several grounds of this motion in the inverse order in which they are stated in the notice of motion, we may say that the fourth ground, that 'the referee's report is contrary to the evidence,' is clearly not supported by the record. The evidence not only abundantly supports, but seems absolutely to require, the decision which the referee made.

"The third ground, 'Because of newly-discovered evidence,' is, it seems to us, equally untenable. What evidence is now offered that was not known at the time of the trial? If there is any, we have failed to discover it. The evidence of Dr. Kemp, the co-respondent, was known to the defendant at the time of the trial. To constitute a case for a new trial upon the ground of newly-discovered evidence, it must appear, among other things, that the evidence has been discovered since the trial, that the evidence could not have been obtained upon the former trial by the exercise of reasonable diligence, that it is not merely cumulative, and that it is so decisive in its character that there is a reasonable certainty that on another trial it will change the result. All of these essentials are wholly wanting in the evidence now relied upon as a ground for a new trial in this behalf.

"The second ground of the motion, namely, 'The negligence of the defendant's former counsel,' is more serious than either of the two above referred to, because the reputation and character of the defendant's former counsel,

as well as his dealings with his client in this case, give some color to the charge of negligence. But a careful study of the case convinces us that he fought as zealously, if not as skillfully, as could have been expected with the weapons at his command. He succeeded in establishing defendant's counter-claim, and, if the defendant had been half as circumspect in her conduct as her counsel was careful in the trial of her case, she would probably have no occasion to move for a new trial. The failure to produce the evidence of Kemp on the trial is, of itself, no more evidence of neglect on the part of counsel than on the part of the defendant. However unsophisticated the defendant may have been at the time of the trial, she knew that the action was brought to obtain a divorce against her, and that Dr. Kemp was named in the complaint as the co-respondent. She must have known that his evidence was of the utmost importance. Her statement that she kept urging her counsel to send for Dr. Kemp, and as often as she urged it he told her it was unnecessary to have him come, is almost incredible. Virtuous women do not so tamely submit to dictation in matters affecting their honor. Defendant's failure to insist on having the evidence of Dr. Kemp is not satisfactorily explained by the suggestion that counsel thought it unnecessary, nor by the implied charge that he had appropriated to his own use moneys which should have been devoted to obtaining the necessary evidence. The defendant went to Montreal, after she had been served with the summons, 'to see Dr. Kemp, and consult with him about the case.' It is not at all improbable that Hulbert tells the truth when he says he was told by the defendant that she would arrange to have Dr. Kemp meet in Port Hope or Toronto, and that both counsel and client expected to secure the presence of the gentleman, who, at the last moment, counted 'discretion the better part of valor.' Hulbert says he went to Port Hope to meet Dr. Kemp, but without success, and that he wrote him several times without receiving a reply. This statement is nowhere denied. It is true, Dr. Kemp makes the somewhat equivocal assertion that he was expecting to hear from the defendant's attorney telling him when to come, but got no word to come. But this does not meet directly the statement of Hulburt. But, even if we assume that defendant's former counsel was negligent in the conduct of the case, this is not a sufficient reason for setting aside the report. Negligence of counsel, in order to furnish a good ground for setting aside a verdict or report, must be such as to show fraud or bad faith on the part of counsel towards his client. Mallach v. Ridley, 22 Wkly. Dig. 159; Smith v. Barnes, 9 Misc. Rep. 368, 29 N. Y. Supp. 692. There is nothing in this record which shows that in the actual trial of the case defendant's former counsel was guilty of bad faith or fraud. On the contrary, it discloses such a fair amount of diligence and good faith as the exigencies of the case seemed to demand.

"The only other ground of this motion is that 'of surprise.' It is hardly necessary to advert to the fact that the application upon this ground is wholly destitute of the indispensable characteristics which the well-settled rules demand upon such motions. These essentials are: First, surprise by evidence which could not reasonably have been anticipated, and which it was therefore impossible to meet; or, second, surprise by the failure to make proof which the defendant had supposed herself ready to make, and which she is now prepared to supply; and, in any event, third, that she brought the fact of her surprise to the attention of the trial court, and made application for a postponement on that ground. The fact that the defendant succeeded in establishing her counter-claim is conclusive evidence that she was not surprised by evidence against her which she could not have anticipated, and which it was impossible to meet. The fact that neither the defendant nor her counsel were surprised by failure to make proof which they had supposed they were prepared to make is abundantly established by the uncontradicted evidence that the procurement of Dr. Kemp's testimony was discussed between the defendant and her counsel. We think no charge of negligence on the part of defendant's former counsel can be predicated upon his failure to apply for a postponement of the trial on the ground of surprise. The indications point quite as strongly to the fact that both the defendant and her co-respondent desired that the latter should be kept out of the case, as to any lack of diligence on the part of defendant's counsel in attempting to get the co-respondent's evidence.

"We do not think that this record discloses such a state of facts as would warrant us in granting a new trial upon either of the grounds above set forth. We regret that we are unable to take such a view of this case as will enable us to follow the former decision upon the motion for a new trial upon the same grounds. We would be pleased to reward the extraordinary and commendable diligence of defendant's present counsel by granting this motion, but both of these considerations must yield to the sense of duty which, in view of this case, impels us to deny this motion."

The motion for a new trial was made upon the following grounds, viz.: "(1) Upon the ground of surprise. (2) On the ground of negligence of defendant's former counsel. (3) Because of newly-discovered evidence. (4) Because the referee's report is contrary to the evidence." A case was made and settled by the referee December 29, 1897. In November, 1896, the plaintiff commenced this action for a divorce, alleging that the parties were married on the 18th day of January, 1881, in the city of Rochester, and since that date were residents of that city; also, alleging that on July 14, 1896, and successive days, including July 23, 1896, the defendant committed adultery with one Kemp at the house known as "No. 81 Union Avenue," in the city of Montreal, and that subsequent to May 9, 1896, and prior to July 1, 1896, she committed adultery in South Park, in the city of Rochester, in the town of Brighton, with the same party. The answer denied absolutely the allegations as to adulterous intercourse, and set up recriminatory charges against the plaintiff. There was a reply denying the counterclaim set up by the defendant.. The issues were referred to Mr. J. A. Stull, who made the following findings, among others, viz.: "(2) That at Montreal, Canada, between the 14th and 23d days of July, 1896, the defendant committed adultery with one Herbert G. Kemp; that such adultery was committed by the defendant without the privity, consent, knowledge, or procurement of said plaintiff, and has not been condoned, nor have the parties since cohabited as husband and wife. (3) That from about the month of January, 1895, to the time of the commencement of this action, the plaintiff has lived in adulterous intercourse, and has at various times, at Rochester, N. Y., committed adultery, with one Ida B. Stevens; that such adulteries and adulterous intercourse were had and committed without the privity, consent, knowledge, or procurement of the said defendant, and the same have not been condoned by her." As a conclusion of law the referee stated, viz.: "That the complaint in this action, as well as the several counterclaims set forth in the amended answer herein, should be dismissed." The referee delivered an opinion in connection with his report. In the course of the opinion he says: "The proofs in support of the allegations of the complaint as to the commission of adultery by the defendant * * * are too clear and strong to permit any other finding than that the charge of such adultery is sustained, especially in view of the fact that the compromising situations detailed in the evidence are not explained, nor the alleged adultery denied, by the co-respondent." The report of the referee has not been confirmed. A controversy arose between the defendant and her attorney and counsel, and pending that controversy proceedings were taken to substitute the present attorney and counsel for the defendant; and the former attorney retained the moneys which the defendant advanced to him, some $75, and also retained all the money that was allowed for alimony and disbursements. The present attorney of the defendant made a motion for a new trial at special term, which was granted on July 7, 1897. An appeal was taken from that order to this court, and the order was reversed, with leave to renew on proper papers, and upon a case containing the evidence delivered before the referee. A case was made, and a subsequent motion was presented at special term in January, 1898, resulting in the order appealed from denying the motion for a new trial, as appears by the order of the 29th of January, 1898.

Argued before HARDIN, P. J., and FOLLETT, GREEN, and WARD, JJ.

Elbridge L. Adams, for appellant.
Hiram R. Wood, for respondent.

PER CURIAM.    Defendant rests her motion upon the grounds: (1) Surprise; (2) negligence of defendant's former counsel; and (3) because of newly-discovered evidence,—which several grounds are discussed in an opinion delivered by the judge who held the special term that granted the order from which the appeal is taken.    The discussion found in that opinion on those subjects is satisfactory.    After a careful perusal of the affidavits and the case, the impression is not entertained that the testimony proposed to be given by the defendant would necessarily or probably produce a different result.    Nor is the proof of the neglect and inattention of the former attorney of the defendant such as to warrant the court in interfering with the discretion which was exercised at special term when the order appealed from was made.    There is no direct and positive evidence of adulterous intercourse between the defendant and Kemp, the alleged paramour.    She now proposes to be permitted to have the case opened, to the end that he may give testimony that he never had any sexual intercourse with her.    An affidavit is submitted, made by him, to the effect that he never did have sexual intercourse with her, and his affidavit attempts to explain why he did not attend upon the trial; and it indicates that he is willing to contradict many of the circumstances disclosed before the referee, upon which the inference of actual intercourse between the defendant and plaintiff was drawn by the referee.    It is to be borne in mind that there was no positive evidence given before the referee of adulterous acts, although circumstances and incidents were disclosed which strongly pointed in the direction of the conclusion reached by the referee.    Some doubt may be entertained as to whether a proper use was made of the letters alleged to have been written by the paramour to the defendant upon the trial.    In Hobby v. Hobby, 64 Barb. 277, in an action brought by the husband against the wife, a letter from the alleged paramour to the defendant was intercepted by the plaintiff, and the letter never came to the knowledge or possession of the defendant; and it was held that it was not admissible in evidence against the wife, "whether it confesses the adultery, or discloses a state of feeling towards her tending to prove it."    Some question may be made as to whether there was a proper use of Exhibit No. 1 made upon the trial before the referee.    It is not advisable that that question should be determined in considering the appeal from the motion to open the case.    The question more appropriately belongs to the hearing when the motion for confirmation of the report of the referee shall be heard.    In Moller v. Moller, 115 N. Y. 466, 22 N. E. 169, it was held that the testimony of private detectives may be so corroborated by proof of facts and circumstances harmonizing therewith as to induce belief in its truth; and it was further said in that case, viz.: "A divorce should not be granted without evidence which is, after careful scrutiny, satisfactory, and can command the confidence of a careful, prudent, and cautious judge."    In McCarthy v. McCarthy, 143 N. Y. 235, 38 N. E. 288, it was held that slight corroboration "is sufficient, where the defendant fails to take the stand in his own behalf."    In the case in hand it is to be observed that the defendant absolutely denies the commission of the acts alleged against her, and that denial must receive attention when an appli-

cation is made to confirm the report of the referee.    In Mott v. Mott, 3 App. Div. 532, 38 N. Y. Supp. 261, the rule in respect to the examination of evidence given in divorce cases is referred to, and it is said that the evidence "is to be weighed with prudence and care, and effect must be given to its just preponderance." Whether the evidence taken at the trial shall be deemed sufficient to support the conclusion of the referee adverse to the defendant upon the principal question need not be passed upon on this occasion, as the defendant is entitled to have that question considered by a special term, to which the report made by the referee shall be presented. Whether the evidence shall be held sufficient to show that the defendant was guilty of the commission of adultery, although it may indicate that she was indiscreet, and had the opportunity to commit the adultery charged, will be a question for the consideration of the special term when the report is presented for confirmation.    In Steffens v. Steffens (Com. Pl.) 11 N. Y. Supp. 424, it was said: "The evidence in this case, while it may tend to show indiscretion on the part of defendant, is insufficient to establish the commission of adultery."

The order appealed from should be affirmed, but, however, without prejudice to the rights of the defendant to oppose the confirmation of the referee's report, or to set aside the same on the merits.    Ordered accordingly.