LAIRD v. AHL.

(Supreme Court, Appellate Division, Fourth Department.  November 15, 1910.)

1. EVIDENCE (§ 317*)—DECLARATIONS BY THIRD PERSONS—ADMISSIBILITY.

In an action for a real estate broker's commission, it was error to permit plaintiff to show that an attorney in defendant's presence advised him to sue her, stating that plaintiff could recover.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

2. BROKERS (§ 85*)—REAL ESTATE BROKERS—SUIT FOR COMMISSION—EVIDENCE—ADMISSIBILITY.

In a suit by a real estate broker for a commission, the transaction having failed, it was improper to receive evidence that a mortgage offered by the purchaser to secure part of the price was good security, but not salable, and evidence of the value of the farm covered by the mortgage, where defendant had reserved the right to approve the mortgage.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 85.*]

3. NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE.

One, sued for a real estate broker's commission in procuring a purchaser, is entitled to a new trial on the ground of newly discovered evidence that the broker and the purchaser had stated that the reason the sale was not perfected was because he could not pay the amount agreed to be paid down.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227; Dec. Dig. § 108.*]

4. NEW TRIAL (§ 6*)—APPEAL AND ERROR (§ 977*)—JUDICIAL DISCRETION—RULING ON NEW TRIAL.

Granting or refusing a new trial rests largely in the discretion of the trial court.  Its decision will be reversed, when such discretion is abused.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 9, 10; Dec. Dig. § 6;* Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. § 977.*]

Spring, J., dissenting.

Appeal from Trial Term, Wyoming County.

Action by John C. Laird against Ella Ahl.  From a judgment for plaintiff, and from orders refusing a new trial, defendant appeals.  Reversed, and a new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Fred H. Dunham and Frank W. Brown, for appellant.
O. P. Stockwell, for respondent.

WILLIAMS, J.  The judgment and order should be reversed, and a new trial granted with costs to the appellant to abide event.

The action was brought to recover commissions as a broker in procuring a purchaser for defendant's farm of 223 acres.  The selling price was $60 per acre, $13,380 in all, and the commission 5 per cent.  The proposed purchaser was one Ward.  A parol agreement was made between the parties.  The controversy was over the terms of this agreement.  Plaintiff claimed that Ward was to pay $2,000 down in cash, and transfer to defendant a third mortgage on another farm for $2,000, if she found on inquiry that it was good, in further payment, and to take a purchase-money mortgage for the balance, $9,380, and,

if she did not take the $2,000 mortgage, this additional amount should go into the purchase-money mortgage, making it $11,380, there being then only a payment down of $2,000. The defendant claimed that she never agreed to sell for a payment down of less than $4,000, of which $2,000 must be in cash and $2,000 in the third mortgage, provided she found it to be good, or it would be taken by the holder of a prior mortgage at its face, or guaranteed by him or by another party known to her to be responsible. This disagreement as to the contract was the controverted question in the case. Plaintiff and Ward testified on the one side, and defendant and her husband on the other. The court submitted the question to the jury. The sale was not perfected; the third mortgage not being satisfactory to defendant and not being guaranteed, and she refusing to accept it, and declining to sell unless $4,000 was paid down.

The court charged the jury, if the plaintiff's version of the agreement to the sale of the farm was correct, he could recover; but, if the defendant's version was correct, he could not recover. I am not satisfied that the finding of the jury was correct. They had undoubtedly a right to come to the conclusion they did; but it was rather an unreasonable claim that the defendant would sell a large farm for $13,380, and get only $2,000 down payment. We would not ordinarily expect a jury to determine the question that way, in order to permit a recovery by a land broker against a woman, the wife of a country farmer. Very likely the case is not one where we should set aside the verdict as against the evidence, under the rules applicable to such questions; but we may at least require the trial to be free from legal errors likely to produce such a verdict.

The parties went to Lawyer Prescott's office, to have the papers drawn to consummate the sale. Prescott heard the parties discuss the agreement, and their respective claims with reference thereto. The plaintiff, while under examination as a witness, was allowed to testify that Lawyer Prescott said to plaintiff during the talk in his office, after hearing the parties talk their differences over: "Sue this woman [defendant]. You can recover." This was under defendant's objection and exception. There was also a motion made to strike it out, after it was taken, and the motion was denied, with exception.

Prescott was, we may assume, a lawyer of good standing and ability, and his judgment as to the real issue of fact between the parties was allowed to go before the jury, and with the decision of the court that it was competent and proper evidence for their consideration. It is not necessary to argue the question here that the evidence was improper and should not have been received. We cannot say under the circumstances that it was not injurious to the defendant and did not change the minds of the jury, and so induce them to render the verdict for the plaintiff when otherwise they would have found for the defendant. There is nothing in the claim that defendant's counsel had, by the evidence he drew out on cross-examination, so opened the door as to make this evidence proper, nor that by any subsequent examination of the defendant herself the injury was cured. This error stands out so flagrantly that it calls for a setting aside of the verdict without any argument whatever.

It was error, also, to permit evidence by the witness Coggwell, the cashier, as to the third mortgage, that it was good security, but not salable, because a third mortgage; and it was error to permit the witness Ward to testify to the value of the farm covered by the third mortgage. These matters had nothing to do with the real issue being tried. The defendant was not bound to take this mortgage unless she was satisfied with it, whether it was good security or not. The only question was whether, if she did not see fit to take the mortgage, she was bound to sell her farm upon receiving only $2,000 down, and take a purchase-money mortgage for the whole balance.

I think, moreover, that the court should have granted the motion for a new trial upon the ground of newly discovered evidence. The evidence related to statements made by the plaintiff and Ward (soon after the meeting in Prescott's office) to the effect that the reason why the sale fell through was that Ward could not pay down the amount that he had agreed to pay, because of his failure to cash the third mortgage. I need not go into details. The case was a close one. This evidence went directly to the question at issue, submitted to the jury, and we cannot say that it would not result upon the new trial in a verdict for the defendant. The question of the credibility of the new witnesses should not be determined on this motion, but left to the jury on the new trial.

While the granting or refusing of the new trial was a matter largely of discretion with the trial court, I think that discretion was not wisely exercised in this instance.

For these various reasons there should be a reversal here, and a new trial. All concur, except SPRING, J., who dissents.