NEW AMSTERDAM CASUALTY COMPANY, Plaintiff, *v.* HUBERT T. E. BEARDSLEY, Defendant.

City Court of the City of New York, May 27, 1924.

Trial — motion to set aside verdict and for new trial on ground of newly-discovered evidence — motion amended to state that it is made upon court's minutes — motion setting aside verdict on minutes of court does not require settling of case first by court — exercise of reasonable diligence before trial with respect to discovering evidence required — power to grant motion inherent in court where ends of justice require it — probative force of newly-discovered evidence only considered in determining whether result will be different on new trial — minutes of prior Supreme Court action deemed newly-discovered evidence and necessary to show that defendant, in action to recover amount collected as plaintiff's agent, resorted to subterfuge — new trial directed where different result is probable, ends of justice will be met, and motion is timely.

A motion to set aside a verdict may be amended to state that it is made upon the court's minutes but it is not necessary that the motion, being upon the court's minutes, should be made upon a case first settled by the court.

To entitle a party to a new trial on the ground of newly-discovered evidence it must appear that the evidence was not and could not have been discovered by reasonable diligence before the trial; that it is material and not merely cumulative; and that a new trial probably will change the result.

Ordinary diligence with respect to discovering evidence before or at the trial only is required, and the court possesses inherent power to grant a motion for a new trial where the ends of justice require it, even though a technical compliance with the aforesaid requirements be not shown. The probative force of the newly-discovered evidence is only considered in determining whether it is probable that the result will be different on a new trial.

Accordingly, the minutes of a Supreme Court action, involving the same matter, may be regarded as newly-discovered evidence and material, and a motion by the plaintiff to set aside a verdict and for a new trial will be granted in an action to recover the amount alleged to have been collected by the defendant while acting as plaintiff's agent, where it appears that the motion is made timely and that the minutes were necessary to show that the defendant was resorting

to a subterfuge and taking advantage of the plaintiff, since whenever it is made to appear that one of the parties to a litigation has by fraud, connivance or any other dishonest act prevented his adversary from having a fair trial then the court may use its power to rectify the wrong by vacating the judgment obtained and directing a new trial where it is of the opinion that it is doing substantial justice and that a different result will arise upon the new trial.

Motion by plaintiff to set aside a verdict in favor of defendant and for a new trial.

*Frederick Mellor,* for the plaintiff.

*Ten Eyck R. Beardsley (Theodore Hansen,* of counsel), for the defendant.

Finelite, J.   This is a motion made by the plaintiff to set aside a verdict obtained in favor of the defendant upon the ground that the defendant herein testified contrary to the evidence he gave in an action in the Supreme Court, county of New York, and particularly as to the amount of moneys which came into his hands arising out of the sale of certain personal property hereinafter more particularly described.   This action was brought to recover from the defendant the sum of $1,200 alleged to have been collected by the defendant while acting as an agent of the plaintiff for the sale of certain film held by the plaintiff as collateral security for a bond issued at the request of one James H. White, and which the defendant failed to turn over to White or to the plaintiff, and because of such withholding of this amount by the defendant the plaintiff was required to pay over said sum to the said James H. White.

Upon the rendition of the verdict a motion was made by the plaintiff to set the same aside, which motion the court entertained. The facts that were proved upon the trial of this action were that about June 24, 1916, the plaintiff issued a bond to vacate an attachment levied by the Berlin Aniline Works against certain property of one James H. White, said bond being for the sum of $3,500.   As security for said bond the said James H. White placed in control of the plaintiff herein about 400,000 feet of raw film.   At the time mentioned the defendant was an officer of the plaintiff, being the resident vice-president, but was not connected with plaintiff's office, and received no salary therefor, and the defendant was engaged in business as an insurance broker, maintaining a separate office for the transaction of his business.   Some time subsequent to the issue of said bond the defendant undertook the direction of the sale of the said raw film so that the film might be converted into cash and the proceeds thereof deposited for the protection of the plaintiff upon said bond.   The owner of the said raw film was James H. White, who was an officer in the United States army.   Sub-

City Court of New York, May, 1924.                    [Vol. 123

sequently, and during the absence of Mr. White in the performance of his duty as an officer of the United States army, one Mr. Gordner, who was in charge of Mr. White's office during his absence, and the defendant entered into an agreement whereby the defendant should personally undertake the direction of a sale of said raw film, which agreement provided that the defendant should be allowed a commission of twenty per cent on all film sold.  The defendant thereupon and pursuant to the agreement with Mr. Gordner directed the sale of said raw film and personally got certain amounts for the sale thereof, and deposited the same in his own account.  The amount collected is the subject-matter of dispute.  The defendant conceded that he did realize the sum of $3,100 in cash for the sale of said raw film, and that he had accounted for this amount by proving the payment of $1,400 to settle an action of the Berlin Aniline Works, and the payment of $363 to Mr. White personally, and claimed other disbursements for commissions under the agreement entered into by him with Mr. Gordner.  The said White thereafter instituted an action against the plaintiff, the New Amsterdam Casualty Company, to recover the sum of $10,000, alleging this to be the balance due the said White from the proceeds of the sale for raw film after the authorized payments and deductions had been made.  The said action came on for trial in the Supreme Court, New York county, and a verdict was rendered in favor of White against the plaintiff herein for a sum in excess of $4,000, which verdict was reduced by the court to the sum of $1,200, which amount was paid by the plaintiff herein to the said James White.  This action was then instituted in this court to collect from the defendant the said sum of $1,200, which was not accounted for to the said White.

It appears from the testimony that was given by the said defendant in the Supreme Court action that he did realize the sum of $3,160 for the sale of the raw film in cash and that out of said moneys he had paid the judgment as follows, to wit, $1,400 to the Berlin Aniline Works, which was against White, and also paid White the sum of $363 and other disbursements, which still left in his hands quite a sum for which he failed to account.  The Supreme Court action resulted in a verdict in favor of White for the sum of $4,000 which the court reduced to the sum of $1,200, as aforesaid.

On the trial of this action the said defendant testified before the jury that all he realized on the sale of said raw film was about $1,800 to $2,000, and the verdict of the jury depended upon that issue.  The jury thereupon, after realizing that the defendant had paid $1,400 to the Berlin Aniline Works, against White, and the sum of $363 to Mr. White personally, and after deducting the dis-

bursements, the defendant had overpaid more than he had realized for the sale of said raw film. Contradictory to this testimony given by the defendant on the trial of this action, it appears from the testimony taken in the Supreme Court action, wherein the said defendant was a witness, and who sold said raw film, that he stated he had received this amount, to wit, $3,160 in cash for the sale of the film stock, and after deducting the $1,400 as aforesaid and the $363 paid to White in person, and deducting the disbursements which were testified to, would still leave in the hands of the defendant more than $1,200, but as the action was limited to this amount the jury, disregarding the testimony of the plaintiff's attorney therein, who was a witness on behalf of the plaintiff, and the said witness not having the minutes of the Supreme Court action before him, the jury could not have done otherwise than render the verdict which they found.

The defendant raises preliminary objections to this motion, *first*, that the motion should be made upon the court's minutes; *second*, that it should be upon a case first settled by the court, which motions the court in deciding the main issue on this motion allows the notice of motion to be amended to include that it is made upon the court's minutes. Upon the second ground urged the court overrules it for the reason that it is a motion to set aside a verdict upon the court's minutes, and, therefore, there is no necessity of settling a case first by the court.

The defendant in answer to this motion equivocates and resorts to subterfuges to avoid the real issue to be presented, and claims that he produced books in court which he offered to the plaintiff's counsel to examine him on cross-examination to show that he did not receive the sum of $3,160 for the sale of the film and also for the amount of moneys expended in excess of the real amount that he claimed that he received, to wit, $1,800 to $2,000, and claims further that six years elapsed between the first and second trials, and, therefore, it was impossible for him on the second trial to remember what he had testified to on the first trial of the Supreme Court action, or what memoranda or papers he had before him at the time that he testified on the former trial. "But that he does know that if there was any difference in the testimony there would be some proper explanation." He further states in his answering affidavit that the attorney for the plaintiff testified fully on this trial, and in every possible way tried to get before the jury the fact that " I received about $3,160 for the raw film, but I testified that I received about $2,000, that I did not remember what I testified to on the former trial, but if I testified to something else it was incorrect, that the books were there in court and there could be

no mistake in the books." If the defendant had his books in court on the trial of the Supreme Court action, and as well had his books in court on the trial of this action, he could have made use of his own books for the purpose of explaining if possible as to the entries that he made therein to make it more explicit, and if possible to convince the jury that his testimony given on the trial of the Supreme Court action, as well as on the trial of this action, was not evasive or that he resorted to a subterfuge, or that he tried to mislead the court or the jury by his testimony. But he did not avail himself of his own books or such evidence as he possessed for the purpose of explaining away if possible in what manner he disposed of the $3,160 which he realized for the sale of the film with the exception of the $1,400 paid to the Berlin Aniline Works, and the amount that he paid to Mr. White, as well as to certain disbursements which did not amount to over $300 in all.

As it further appears that the defendant was familiar with the facts and the story related by him is improbable, that he could not recall the exact amount that he did realize on the sale of the raw film, as he was in possession of this information and as he was the one who received the money, it goes beyond doubt that the testimony given on the trial of this action was for the purpose of misleading and misguiding the jury as well as the court to obviate the plaintiff obtaining justice. It further appears from the testimony of the plaintiff's attorney, who became a witness herein on the trial of this action, that he had a conversation with the defendant and asked him whether there would be any question on the trial that he had received this amount, $3,160 in cash, for the sale of this raw film, whereupon the defendant replied: " I will prove the disbursement of a lot more than that," and the plaintiff's attorney, relying upon this statement of the defendant that he had admitted that he received over $3,160 in cash, and that on the trial of this action he testified that the amount he had received in cash did not exceed $1,900, thereupon the plaintiff's attorney stated he was unable to produce this testimony on the trial because of the inability to locate the stenographer who took the minutes in the action of the Supreme Court, as he did not anticipate that the defendant would deny upon the trial that he had received this sum of $3,160. The reason given why the plaintiff was unable to produce the testimony up till now of the Supreme Court action given by the defendant thereon was that he could not locate the stenographer until rather a late day since the trial herein, that the minutes were taken by a substitute stenographer, and that he had but recently located him and induced him to write out the minutes for the purpose of being used upon this motion to show that he, defendant, testified to the

fact that he did receive for the sale of the raw film $3,160, and not the amount as testified to by him on the trial of this action.   It appears from such minutes on the trial of the action in the Supreme Court and upon the questions asked by the court therein that the defendant did admit that he did receive the sum of $3,160 for the sale of the raw film.   The defendant raises a further preliminary objection upon this ground that as this is a motion for a new trial the minutes of the former trial not properly authenticated should not be used at this late date on this motion, but the minutes are certified to by the substitute stenographer who took the same, and his certificate is attached thereto that the minutes are a correct transcript from his original notes as testified in said case.   I regard the minutes of the Supreme Court action as material and of such a character that it would be likely to produce a different result on a new trial.

There are certain rules prescribed as to what must be shown to entitle a party to a new trial on the ground of newly-discovered evidence.   The effect of those decisions is that ordinarily it must appear that the evidence was not and could not have been discovered in the exercise of reasonable diligence before the trial; that it is material and not merely cumulative or of an impeaching character in the sense of affecting credibility only as distinguished from having probative force by showing a different state of facts, and that a new trial would probably change the result.   *Bonynge* v. *Waterbury,* 12 Hun, 534; *Thompson* v. *Welde,* 27 App. Div. 186; *Keister* v. *Rankin,* 34 id. 288; *Hess* v. *Sloane,* 47 id. 585; *Klinger* v. *Markowitz,* 54 id. 299.   Ordinary diligence with respect to discovering evidence before or at the trial only is required, and the court possesses inherent power to grant such a motion where the ends of justice require it, even though a technical compliance with those requirements be not shown (*Keister* v. *Rankin, supra; Klinger* v. *Markowitz, supra; Henson* v. *Lehigh Valley R. R. Co.,* 117 N. Y. Supp. 119; affd., 134 App. Div. 955; *Stokes* v. *Stokes,* 34 id. 423; *Bonynge* v. *Waterbury, supra; Hess* v. *Sloane, supra; Nugent* v. *Met. St. Ry. Co.,* 46 App. Div. 105; *Perinzi* v. *Cataldo,* 110 N. Y. Supp. 1054), and the probative force of the newly-discovered evidence is only considered in determining whether it is probable that the result would be different on a new trial.   *Rosenthal* v. *Bell Realty Co.,* 53 Misc. Rep. 265; *McCready Realty Corpn.* v. *Equitable Nat. Bank,* 54 id. 508; *Laird* v. *Ahl,* 140 App. Div. 659; *Phelps* v. *Delmore,* 4 Misc. Rep. 508; *Market* v. *L. I. R. R.,* 175 App. Div. 467.   The minutes of the Supreme Court action may be called newly-discovered evidence and are material, and, while cumulative, that alone is no objection, and although impeaching in their nature, they have probative force in

that they show a state of facts diametrically opposed to the testimony of the defendant on which the judgment was entered herein.

On the trial hereof the plaintiff was taken by surprise, relying upon the statement made by the defendant that he would admit that the sum of $3,100 and not $1,900 was realized for the sale of the raw film. Therefore, upon a rendition of the verdict by the jury in favor of the defendant the motion of the plaintiff is made timely, and the minutes of the Supreme Court action were necessary for the purpose of showing that the defendant was resorting to a subterfuge and taking advantage of the plaintiff in the manner which he had testified in reference to the receipt of the amount of money because the plaintiff did not have the minutes of the Supreme Court action in court to then and there contradict him. If the defendant was correct in the Supreme Court action as to the amount realized then he was in error in testifying as to the amount realized on the trial of this action. If he is correct in the amount realized in this action then he was untruthful in his testimony that he gave upon the trial of the Supreme Court action. As was said in the case of *Nugent* v. *Metropolitan St. R. Co., supra,* 110: " The object of a trial is to do justice, and whenever it is made to appear that one of the parties to the litigation has by fraud, connivance, conspiracy or any other dishonest act prevented his adversary from having a fair trial then the court never hesitates to use the power which it possesses to rectify the wrong by vacating the judgment obtained and directing a new trial." In doing substantial justice the court is of the opinion that a different result will arise upon a new trial of this action, and the motion of the plaintiff is, therefore, granted, but without costs. Settle order on one day's notice.

Ordered accordingly.