AMELIA FRIEDA DEAN, Plaintiff, *v.* ROBERT J. DEAN, Defendant.

Supreme Court, Erie County, February 26, 1926.

**Husband and wife — divorce — motion to vacate judgment on ground of newly-discovered evidence — defendant had five months between commencement of action and trial within which to obtain evidence as to residence of plaintiff — defendant did not exercise reasonable diligence in discovering evidence — new trial would not change result — motion denied.**

Defendant, against whom plaintiff obtained a judgment of divorce after a trial, is not entitled to a new trial on the ground of newly-discovered evidence in that the defendant on the new trial will show that plaintiff never was such a resident of this State as would permit her to maintain her action in its courts under section 1147 of the Civil Practice Act, for the reason that defendant having had five months between the commencement of the action and the trial in which to obtain evidence pertinent to the question of residence cannot be said to have met the requirement of reasonable diligence which a party must show to entitle him to a new trial on the ground of newly-discovered evidence.

Moreover, a new trial would not change the result, since the appellate courts of this State have already determined that the residence of the plaintiff is not controlling upon her right to bring the action. The alleged newly-discovered evidence would be merely cumulative.

MOTION to vacate a judgment on the grounds of newly-discovered evidence, and that plaintiff has perpetrated a fraud upon the court.

*O. Clyde Joslin* [*Ray M. Stanley* of counsel], for the motion.

*J. Henry Madden* [*Alfred L. Harrison* of counsel], opposed.

NOONAN, J.   This is a motion to vacate a judgment granting the plaintiff a divorce from defendant on two grounds: (1) Newly-discovered evidence; and (2) that plaintiff committed a fraud upon the court in obtaining the judgment.   It is claimed that this newly-discovered evidence will establish the fact that the plaintiff never was such a resident of this State as would permit her to maintain her action in its courts, under section 1147 of the Civil Practice Act.

The plaintiff alleges that she came from Kitchener, Ont., to Buffalo, N. Y., to reside in March, 1924, and that she continued to live there until the trial of the case, except that from July until about a week before the trial she was visiting her parents in Kitchener, Ont., because her health broke down.   It also appears that the defendant was then a resident of this State.

The action was commenced May 17, 1924, and the amended answer served June 28, 1924.   The trial was on October 16, 1924, and a judgment granting the plaintiff a divorce from the defendant was rendered on December 11, 1924.   The defense most relied upon by the defendant was a divorce from the plaintiff which he had obtained in Pennsylvania, but the trial court held that the Pennsylvania judgment was not binding upon the plaintiff herein, and the judgment of the trial court was affirmed, by a divided court, in both the Appellate Division and the Court of Appeals. (*Dean* v. *Dean,* 213 App. Div. 360; 241 N. Y. 240.)

To entitle a party to a new trial on the ground of newly-discovered evidence it must appear that the evidence was not and could not have been discovered by reasonable diligence before the trial; that it is material and not cumulative; and that a new trial probably will change the result.   (*New Amsterdam Casualty Co.* v. *Beardsley,* 123 Misc. 292; 10 Abb. Cyc. Dig. 365; *Wilson* v. *Wilson,* 14 N. Y. St. Repr. 518; *Broadbelt* v. *Loew,* 21 Misc. 169; *Reynolds* v. *Reynolds,* 33 App. Div. 625.)

I do not think the defendant has met any of the above requirements.   He had five months between the commencement of the action and the trial in which to obtain the evidence pertinent to the question of the residence of the plaintiff.   Surely this could have been done if a reasonable degree of attention had been given to the matter.

After a careful reading of the prevailing opinions in the appellate courts, I think that the alleged newly-discovered evidence would be regarded as cumulative rather than material, and that it would

Misc. 799]          Supreme Court, February, 1926.

not change the result if a new trial were granted. The trial court held that the residence of the wife was that of the husband for the purposes of this action. In the Appellate Division it was specifically held that the action had been properly brought under subdivision 4 of section 1147 of the Civil Practice Act. (*Dean* v. *Dean,* 213 App. Div. 360.) In the Court of Appeals, CRANE, J., in one of the prevailing opinions, uses this significant language: " The plaintiff and the defendant were residents and citizens of Ontario, Canada. Three children were born of the marriage, two now living. The husband left his wife and went to Pennsylvania. He failed and refused to support his family. Later he came to Buffalo. Thereupon, the wife with her two children came to that city and sued him for divorce and support for herself and children. They were his children, and he was as much bound to support them in New York as he was in Canada. Stepping across the St. Lawrence river into the States did not change his obligations as a father. Our courts were open to the wife. She could maintain her action here in this State. (Civil Practice Act, sect. 1147.) "

It is evident from these opinions that the appellate courts consider that the residence of the plaintiff is not controlling upon her right to bring the action, but that the plaintiff has the right to seek relief in the courts of this State if she finds her delinquent husband is living here. This being so, a new trial would not change the result.

The motion is denied, with ten dollars costs, and an order may be entered accordingly.