Matter of the Estate of John W. Gates, Deceased.

(Surrogate's Court, New York County, May, 1918.)

Transfer tax — domicile — reappraisal denied.
Evidence — new trial — Code Civ. Pro. § 2490(6).

Where the allegation of the petition in a transfer tax proceeding, that decedent at the time of his death in France was a resident of the state of Texas, is neither disputed nor litigated, and the appraiser so reports, and that only the real estate and the tangible personal property which decedent owned in this state at the time of his death were subject to a transfer tax, a further application by the state comptroller (1) for an order for the appraisal of certain personal property not included in the appraisal theretofore made, and (2) for a determination of the question of decedent's domicile at the time of his death, will be denied, where the petition does not allege that the executors in the original transfer tax proceeding were guilty of fraud and no facts are stated which would warrant such a conclusion.

Where the petition upon the second application alleges that decedent was not a resident of the state of Texas but a resident of the state of New York " as petitioner is advised by his attorneys and counsel herein," the unverified statement of said attorneys attached to but not made a part of the petition cannot be considered.

While under section 2490(6) of the Code of Civil Procedure the surrogate may vacate an order assessing a transfer tax and grant a new trial of the issue of the decedent's domicile on the ground of alleged newly discovered evidence, yet where the new evidence is so inferential and inconclusive that even if offered on the trial it would not warrant a finding that decedent had his last domicile in this state the application will be denied.

APPLICATION by state comptroller for an order designating an appraiser to appraise certain personal property and to institute proceedings to determine the residence of said decedent.

30

Surrogate's Court, New York County, May, 1918.   [Vol. 103.

McLean & Hayward (Edward D. Freeman, of counsel), for state comptroller.

Taylor, Humes & Begg (A. L. Humes, of counsel), for respondent.

FOWLER, S.   This is an application by the state comptroller (first) for an order designating an appraiser to appraise certain personal property alleged to be owned by the decedent at the time of his death and not included in the appraisal heretofore made; (second) " to institute proceedings to determine the residence of said John W. Gates, deceased, and to fix the value of the property of the said decedent, the transfer of which is taxable under the laws of the State of New York, and to fix the tax on such transfer."

The decedent died in Paris, France, on August 9, 1911.   His will was admitted to probate by the County Court of Jefferson county, Tex., on October 9, 1911. The executors of his estate filed a petition in this court on July 3, 1912, asking for the designation of an appraiser to appraise his estate under the provisions of the Tax Law of this state, and they alleged in their petition that the decedent was a resident of the state of Texas.   An appraiser was duly appointed by this court, and he reported that the decedent at the time of his death was a resident of Texas, and that only the real estate and the tangible personal property which he owned in this state at the time of his death were subject to a transfer tax.   The allegation that the decedent was a resident of Texas was not controverted by the state comptroller, and the question of domicile, therefore, was not disputed or litigated in the transfer tax proceeding.   An order assessing a tax upon the estate of the decedent in accordance with the report of the appraiser was entered on the 31st of August, 1912.

The petitioner herein alleges that " in the year 1911 the decedent owned four automobiles in the City and State of New York, only one of which was reported " in the affidavit filed with the tax appraiser, and he therefore asks for the appointment of an appraiser to appraise the three automobiles, which he alleges were not included in the original report. The petitioner, however, does not allege that the decedent owned four automobiles at the date of his death. The fact that he owned them in 1911 is not inconsistent with his having disposed of them at some time prior to August 9, 1911, the date of his death. As it does not appear, therefore, that the decedent owned four automobiles at the date of his death, and that such automobiles were located in this state at that time, the application for the appraisal of three automobiles in addition to the one heretofore appraised is denied.

It is also alleged in the petition that on March 11, 1911, and " as the petitioner believes, thereafter until the day of his death, he was possessed of valuable paintings, furniture and other personal property situated in his apartment at the Hotel Plaza, none of which was reported to the appraiser." The grounds of petitioner's belief in relation to this allegation are certain statements made to him by his attorneys, and those statements appear to be conclusions derived from the record of the probate proceeding and the tax proceeding in Texas. There is no affidavit alleging ownership of such paintings in the decedent at the time of his death. The unverified statements of counsel are insufficient to prove that the decedent owned any furniture or paintings located in New York at the time of his death, and upon such statements and conclusions the court would not be warranted in vacating its decree and opening the tax proceeding for the purpose of determining whether the decedent at the time of his

death owned some paintings and furniture which were not included in the appraisal heretofore made.

The application for a determination of the question of decedent's domicile is in effect an application to vacate the order fixing tax, to permit the state comptroller to controvert the allegation in the petition of the executors that the decedent was a resident of Texas, and to grant a new trial of that issue. The power of the court to vacate its order and grant a new trial is derived from subdivision 6, section 2490 of the Code. That subdivision provides that the surrogate may " grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause." The petitioner does not allege that the executors were guilty of fraud in the original transfer tax proceeding, and there are no facts stated in the petition which would warrant such a conclusion. Neither is there an allegation that the state of New York has been prejudiced by a clerical error made in the appraisal of the estate or the assessment of the tax. There remains, then, for consideration the question whether a new trial of the issue of the decedent's last domicile should be granted because of alleged newly discovered evidence.

The petitioner alleges " that the said John W. Gates was not a resident of the State of Texas, but a resident of the State of New York, as petitioner is advised by his attorneys and counsel herein." Attached to the petition, but not made a part thereof, is an unverified statement made to the comptroller of the state of New York by McLean & Hayward, his attorneys. As the statement is not verified, it cannot be considered by the court upon this application. But, even if it were verified, it does not state facts which would warrant the court in granting a new trial upon the issue of decedent's domicile. Edward A. Freshman, who verified the petition, states that he is a member

of the firm of McLean & Hayward, attorneys for the comptroller in this proceeding; that the source of his information and the grounds of his belief are " the report in writing of the attorneys for the Comptroller of the State of New York, copies of the papers in the proceeding to fix the tax on the estate of the decedent on file in this court, and exemplified copies of the will and codicil of the decedent and of the probate proceedings and inheritance tax proceedings in the County Court of Jefferson County, Texas."

It is well established that on motions of this character it must appear that the alleged newly discovered evidence was discovered since the trial; that it could not, by the exercise of reasonable diligence, have been obtained and used upon the trial, and that its character is such that it would probably have changed the result if submitted upon the trial. *Glassford* v. *Lewis,* 82 Hun, 46; *McIver* v. *Hallen,* 50 App. Div. 441; *Matter of McManus,* 66 id. 53; *Bridenbecker* v. *Bridenbecker,* 75 id. 6; *Matter of Rose,* 153 id. 263. The will of the decedent was admitted to probate by the County Court of Jefferson county on October 9, 1911, and as the executors did not file their application for the appointment of an appraiser by this court until July 3, 1912, the comptroller of the state of New York had ample time in which to acquaint himself with the facts alleged in the probate proceeding in Texas. The appraisers appointed by the County Court of Jefferson county, Tex., to appraise the property of the decedent under the Inheritance Tax Law of that state filed their report in December, 1911, more than six months before the tax proceeding was commenced in this court. Therefore all the facts stated in that report could, with due diligence, have been known to the state comptroller of the state of New York at the time the transfer tax proceeding was instituted in this state. In fact there

is nothing in the papers filed on this application to show that all the facts were not known to the comptroller. The individual who was attorney for the state comptroller at the time the proceeding to assess a tax upon the estate of the decedent was commenced, and his associates in that office, are the persons who could testify to the facts within their knowledge or the evidence in their possession bearing upon the question of decedent's domicile. It is their knowledge, not the knowledge of the present state comptroller, that is material, and yet there is not an affidavit from either of them to show that they did not have full knowledge of all the facts and circumstances in relation to the domicile of the decedent, and particularly the alleged new evidence mentioned in the petition herein. The absence of such affidavits is necessarily fatal to this application. A previous state administration instituted a proceeding to assess a tax upon the estate of the decedent, investigated the question of his last domicile, and was apparently satisfied that his last domicile was in Texas. It should be a very plain case which would authorize a successor administration to repudiate, so long afterwards, the action of its predecessor in office. Such a case has not been made by the petitioner herein. There is no proof of fraud; there is no evidence submitted on this application which could not with due diligence have been obtained and submitted in the original proceeding; while the alleged new evidence is so inferential and inconclusive that even if offered on the trial it would not warrant a finding that the decedent had his last domicile in this state. The papers, therefore, are insufficient to warrant the court in granting a new trial of the question of decedent's domicile at the date of his death.

Application denied.