Matter of the Estate of DELLORA C. GATES, Deceased.

(Surrogate's Court, New York County, October, 1921.)

*Transfer tax — will of decedent admitted to probate in Texas where estate was taxed — declarations of decedent and her supporting acts and conduct sustain finding that she was a nonresident of the state of New York at her death.*

TRANSFER tax proceedings.

Humes, Smith & Tweed, for executors.

. Charles M. Travis, for state tax commission.

Robert H. Thorburn in person.

FOLEY, S. . In this proceeding the question to be determined is the residence of the decedent. The

state tax commission contends she was a resident of the state of New York. The estate contends she was a resident of Port Arthur, state of Texas. I find she was a nonresident of this state.

Mrs. Gates died on November 28, 1918. She was the widow of John W. Gates, who died August 9, 1911. Mr. and Mrs. Gates established their residence in Texas about the year 1908. They spent substantial portions of each subsequent year together at Port Arthur, and also maintained an apartment at the Hotel Plaza in New York city. After his death she continued her mode of living in the same manner that she and her husband had lived during his lifetime, dividing her time between her home in Texas, the hotel in New York, and traveling. "A widow, in the absence of adequate proof to the contrary, retains the last domicile of her husband." *Matter of Green,* 99 Misc. Rep. 582; affd., 179 App. Div. 890. In the transfer tax proceedings begun shortly after John W. Gates' death, the order of my learned predecessor, Surrogate Fowler, taxed his estate as that of a resident in Texas. In that proceeding the allegations in the petition of the executors of Mr. Gates, as to his nonresidence, were not denied by the state comptroller. Under former section 2546 of the Code of Civil Procedure (now Surrogates' Court Act, § 76), the uncontroverted petition was due proof of the facts therein stated. In 1918 the state comptroller applied to reopen the original transfer tax proceedings in John W. Gates' estate and to vacate the order fixing tax on the ground that the decedent was a resident, and prayed for the determination of that issue. The supporting papers on that application set forth many of the salient facts contained in the record here. The matter was heard by Surrogate Fowler. In his opinion he states as follows: "A previous state administration instituted a proceeding to assess a tax upon the estate

51

of the decedent, investigated the question of his last domicile, and was apparently satisfied that his last domicile was in Texas. It should be a very plain case which would authorize a successor administration to repudiate, so long afterwards, the action of its predecessor in office. Such a case has not been made by the petitioner herein. There is no proof of fraud; there is no evidence submitted on this application, which could not with due diligence have been obtained and submitted in the original proceeding; while the alleged new evidence is so inferential and inconclusive that even if offered on the trial *it would not warrant a finding that the decedent had his last domicile in this state.* The papers, therefore, are insufficient to warrant the court in granting a new trial of the question of decedent's domicile at the date of his death. Application denied." *Matter of Gates,* 103 Misc. Rep. 465, 470. The final order denying the application was made June 17, 1918, and an appeal therefrom was subsequently dismissed. The original order, therefore, has been long acquiesced in by the state of New York as a determination that the husband was a resident of Texas.

But independent of that decision, the declarations of Mrs. Gates and her supporting acts and conduct for many years prior to her death amply justify the finding of non-residence. In her declarations, written and oral, without exception, for a period of ten years, she described herself as a resident of Texas. She took a deep interest in Port Arthur's welfare and upbuilding. Her will was admitted to probate in Texas and her estate has been taxed there as a resident of that state. In my recent decision in *Matter of Frick,* 116 Misc. Rep. 488, I discussed the general tests of domicile and the authorities of this state applicable to the determination of that question. *Dupuy* v. *Wurtz,* 53 N. Y. 556; *Matter of Newcomb,* 192 id. 238;

*Matter of Mesa y Hernandez,* 172 App. Div. 467; *United States Trust Co.* v. *Hart,* 150 id. 413. In my opinion the effect of section 243 of the Tax Law creating a disputable presumption of residence was likewise discussed. *Matter of Barbour,* 185 App. Div. 445; affd., without opinion, 226 N. Y. 639. The facts here are not so clear in favor of the estate as those in *Matter of Frick, supra,* and are more similar to those in *Matter of Harkness,* 183 App. Div. 396, or *Matter of Green, supra.* Counsel for the state tax commission contend that the course of decedent's conduct indicates a deliberate design, under advice of counsel, to escape any legal inference of a New York residence. While such a course of conduct is indicated in the evidence, it does not follow that this excess of zeal destroyed a domicile legally established and actually continued with the requisite elements of intent and supporting facts.

I find that the proofs and exhibits in the voluminous record here repel and overcome the statutory presumption.

The application of Robert H. Thorburn to intervene is denied. He has no status in this proceeding. Submit order remitting the matter to the appraiser to proceed accordingly.

Ordered accordingly.